UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY a/s/o
Cynthia Jacobson,

        Plaintiff,

v.

        Case No.: 2:18-cv-00881
        JUDGE GEORGE C. SMITH
        Magistrate Judge Vascura

GREE USA, INC., *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants', Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliance Sales, Ltd., Motion to Dismiss under Rule 12(b)(5) for insufficient service of process (Doc. 14). Plaintiff filed a response in opposition (Doc. 15) to which Defendants replied (Doc. 17). Plaintiff also filed a Motion for Leave to File (Doc. 18) which was granted in part allowing Plaintiff to file a notice of supplemental authority relevant to the case at hand. For the following reasons, the Defendants' Motion is **DENIED.**

### I.    BACKGROUND

This is a products liability and negligence case involving an allegedly defective dehumidifier which was produced and distributed by Defendants. Plaintiff is Nationwide Property and Casualty Insurance Company acting as subrogee of Cynthia Jacobson whose property was damaged by a fire allegedly caused by the failure of a Gree dehumidifier. (Doc. 1, Compl. at ¶¶ 3–4). There are four named Defendants—two are California corporations, Gree USA, Inc. and MJC America, Ltd., and two are Chinese corporations, Gree Electric Appliances,

Inc. of Zhuhai ("Gree China") and Hong Kong Gree Electric Appliances Sales, Ltd. ("Gree Hong Kong") (*Id.* at ¶ 5). Gree USA is a wholly owned subsidiary of Gree Hong Kong and Gree Hong Kong is a wholly owned subsidiary of Gree China. (Doc. 15, Mem. in Opp. at 3). Plaintiff instituted this action by filing the Complaint on August 15, 2018. (*See* Doc. 1, Compl.). "On August 24, 2018, a private process server hand delivered a copy of the Summons, Complaint and Statement of Disclosure for Gree China and Green Hong Kong by leaving copies with the person in charge at the business address of Gree USA." (Doc. 15, Mem. in Opp. at 2). Plaintiff also mailed a copy of the Summons and Complaint to the Chino Hills, California address of Ming Chu Dong. (Doc.13, Mot. to Dismiss at 4).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(5) states that insufficient service of process can be grounds for dismissal. Fed. R. Civ. P. 12(b)(5). Rule 4(h)(1) states that there are two acceptable methods for serving a "domestic or foreign corporation . . . in a judicial district of the United States." Fed. R. Civ. P. 4(h)(1)(A)-(B). Those methods are "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *Id.*

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on the basis that service was insufficient because it did not comply with the Hague Convention and, in the alternative, even if the Hague Convention does not apply, that service was not proper under California law. Plaintiff argues that compliance with the Hague Convention is not required and that service of process

was sufficient under California law.

## A. Hague Convention

Defendants argue that because they are foreign corporations they must be served in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. (Doc. 14, Mot. to Dismiss at 6). However, compliance with the Hague Convention is not required "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). In other words, where "service, under state law, [does] not necessarily require transmittal of the relevant documents [abroad], the Hague Service Convention simply [is] not implicated." *Yamaha Motor Co., Ltd. v. Superior Court*, 94 Cal. Rptr. 3d 494, 498 (Cal. Ct. App. 2009). As discussed below, California state law does not require the relevant documents to be transmitted abroad. Therefore, the Hague Service Convention is not implicated and service can be proper, so long as it is complies with all other relevant state laws.

## B. California Law

Defendants argue that service was not proper under California law because "the [C]omplaint was served on their California subsidiary, namely Gree USA, by leaving copies of the documents with Jeanie Conley" and subsequently mailing copies "to the same address that Plaintiff listed for Gree USA in the [C]omplaint." (Doc. 17, Reply in Supp. at 6-7). However, California law permits service on a corporation "by delivering a copy of the summons and the complaint" to various corporate executives including a "general manager." Cal. Civ. Proc. § 416.10. California law defines "general manager" broadly to allow service on a foreign corporation through its domestic subsidiary. *Yamaha*, 94 Cal. Rptr. 3d at 498. Therefore, service on Gree USA was sufficient under California law for Gree China and Gree Hong Kong

as well.

Defendants further argue that "even if this Court agrees with Plaintiff's position that Gree USA is a 'general manager' for Gree China and Gree Hong Kong based on their subsidiary/parent company relationship, the issue still remains whether Gree USA was properly served as such" as "Ms. Conley is not Gree USA's designated . . . agent for service of process." (Doc. 17, Rep. at 7). However, Plaintiff has complied with the alternative method contemplated by § 415.20 which states that:

> "in lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section . . . 416.10 . . ., a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. § 415.20.

Therefore, service on Ms. Conley at Gree USA's business address followed by the subsequent mailing of a copy of the Complaint to Ms. Dong complied with California law for service of process. Furthermore, another court has ruled on the same issue and found that service was proper. See *Nationwide v. Gree*, No. 3:18-12607, Doc. 19 (E.D. Mich. Nov. 7, 2018). Service was therefore sufficient and Defendants are not entitled to dismissal.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is **DENIED.**

The Clerk shall **REMOVE** Document 4 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                           */s/ George C. Smith*
                                           **GEORGE C. SMITH, JUDGE**
                                           **UNITED STATES DISTRICT COURT**